ROGER P. CROTEAU, ESQ.
Nevada Bar No. 4958
TIMOTHY E. RHODA, ESQ.
Nevada Bar No. 7878
PETER E. DUNKLEY, ESQ.
Nevada Bar No. 11110
ROGER P. CROTEAU & ASSOCIATES, LTD.
9120 West Post Road, Suite 100
Las Vegas, Nevada 89148
(702) 254-7775
(702) 228-7719 (facsimile)
croteaulaw@croteaulaw.com
*Attorney for Plaintiff*
**FRANCESCO FUSCO
A/K/A FRANK FUSCO**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| FRANCESCO FUSCO a/k/a FRANK FUSCO, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> TROPICANA LAS VEGAS, INC., a Nevada corporation; TROPICANA LAS VEGAS HOTEL AND CASINO, INC., a Delaware corporation; TROPICANA LAS VEGAS RESORT & CASINO, INC., a Delaware corporation; DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive, <br><br> Defendants. | Case No.   2:13-CV-01723-APG-NJK <br><br> STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER <br><br> SPECIAL SCHEDULING REVIEW REQUESTED |

COMES NOW Plaintiff Frank Fusco ("*Fusco*") by and through his attorneys, Roger P. Croteau & Associates, LTD., and Defendant Tropicana Las Vegas, Inc. ("*Tropicana*") by and through their attorneys, Ogletree, Deakins, Nashi, Smoak & Stewart, P.C., and hereby jointly submit their proposed discovery plan and scheduling order pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(e).

\\

\\

1.  This matter was removed to this Court on September 20, 2013 (ECF No. 1); Tropicana has not answered and instead filed a Motion to Dismiss (ECF No. 10) on October 28, 2013. Fusco filed a Response (ECF No. 22) on December 23, 2013.

2.  **Special Scheduling Review**. The parties request a longer period than prescribed under Local Rule 26-1 to conduct discovery due to on-going settlement discussions. The parties hereto conferred on December 3, 2013 and discussed the nature and basis of the claims and defenses and the possibility of settling or otherwise resolving the case. The parties subsequently participated in an Early Neutral Evaluation conference ("ENE") on February 12, 2014 (*See* ECF No. 24.) At the conclusion of the ENE, the parties agreed a second conference would be productive, and a second conference was scheduled for April of 2014.

However, on March 27, 2014, the parties determined at least some discovery would be helpful and submitted a stipulation to vacate the second ENE, Doc. No. 25, which the Court granted on March 28, 2014. Doc. No. 26. Pursuant to the stipulation to vacate the second ENE, the parties requested an opportunity to seek to reschedule the second ENE to continue discussions.

3.  **The Subjects On Which Discovery Will Be Conducted**

Discovery will need to be conducted on the claims, damages, and affirmative defenses relating to the Plaintiff's individual claims. The above-referenced statement of subjects of discovery in no way constitutes a waiver of any party's right to assert good faith objections to discovery requests or deposition inquiries as appropriate.

4.  **Issues Related to the Disclosure or Discovery of Electronically Stored Information**

To the extent the inspection or production of Electronically Stored Information ("ESI") is necessary to this matter, the parties prefer to deal with such information on an *ad hoc* basis as issues arise. In the event ESI is to be produced, and to the extent practicable, the parties agree that the ESI can be produced as searchable images in .pdf file format.

5.  **Issues Relating To Claims Of Privilege Or Attorney Work Product**

The parties agree to be bound by Federal Rule of Evidence 502 regarding the disclosure of privileged material or work product.

\\

6. **Limits on Discovery**

The parties agree that discovery will be conducted in accordance with the Federal Rules of Civil Procedure and applicable Local Rules of this District Court, except as otherwise provided herein or as otherwise ordered by the Court or Magistrate Judge.

7. **Discovery Plan and Scheduling Order**

Pursuant to LR 26-1(e), the parties agree to the following deadlines.

    a.    Fed. R. Civ. P. 26(a)(1) disclosures:  the Parties have produced initial disclosures;

    b.    Close of Discovery:    December 1, 2014;

    c.    Amending Pleadings and Adding Parties.    September 1, 2014;

    d.    Expert Disclosures    October 2, 2014;

    e.    Joint Interim Status Report    October 2, 2014;

    f.    Rebuttal Expert Disclosures    November 1, 2014;

    g    Dispositive Motion Deadline    December 31, 2014;

\\

\\

\\

\\

\\

  h.  Pretrial Order          January 30, 2015;

  i.  Fed. R. Civ. P. 26(a)(3) disclosures will be included in the Pretrial Order.

**Jointly submitted by**

ROGER P. CROTEAU & ASSOCIATES, LTD

\_\_\s\ Peter E Dunkley, Esq_____
ROGER P. CROTEAU, ESQ.
Nevada Bar No. 4958
TIMOTHY E. RHODA, ESQ.
Nevada Bar No. 7878
PETER E. DUNKLEY, ESQ.
Nevada Bar No. 11110
9120 W. Post Road, Suite 100
Las Vegas, Nevada  89148
Attorney for Plaintiff


OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

\_\_\_\s\ Jill Garcia, Esq._____
ANTHONY L. MARTIN, ESQ.
Nevada Bar No. 8177
JAMIE L. ZIMMERMAN, ESQ.
Nevada Bar No. 11749
JILL GARCIA, ESQ.
Nevada Bar No. 7805
Wells Fargo Tower
3800 Howard Hughes Parkway, Suite 1500
Las Vegas, NV 89169
Attorneys for Defendant

**ORDER**

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE


DATED: July 30, 2014.