1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

FRANCESCO FUSCO a/k/a FRANK
FUSCO, an individual,

        Plaintiff,

    v.

TROPICANA LAS VEGAS, INC., a Nevada
corporation; TROPICANA LAS VEGAS
HOTEL AND CASINO, INC., a Delaware
corporation; TROPICANA LAS VEGAS
RESORT & CASINO, INC., a Delaware
corporation; DOES I through X; and ROE
BUSINESS ENTITIES I through X, inclusive,

        Defendant.

Case No. 2:13-cv-01723-APG-NJK

**ORDER GRANTING DEFENDANT TROPICANA
LAS VEGAS, INC.'S PARTIAL MOTION TO
DISMISS**

(Dkt. No. 10)

    Francesco Fusco alleges Tropicana discriminatorily terminated him because of his age. Fusco filed a complaint[1] alleging a state and federal age discrimination claim, four tort claims, and a claim for "injunctive relief."[2]  Tropicana now seeks dismissal of the tort and injunctive relief claims, arguing Fusco has failed to allege sufficient facts.[3]  I agree.  Because he failed to allege sufficient supporting facts, I dismiss Fusco's claims for (1) Negligent Hiring; (2) Negligent Training and Supervision; (3) Negligent Retention; and (4) Intentional Infliction of Emotional Distress.  Because it is a remedy not a cause of action, I also dismiss Fusco's claim for injunctive relief.

/ / / /

/ / / /

---

    [1] Fusco has voluntarily dismissed all named defendants save Tropicana Las Vegas, Inc. [Dkt. #14].

    [2] [*See Dkt.* #1]

    [3] Tropicana also argues the Nevada Industrial Insurance Act preempts Fusco's tort claims. Because I find Fusco has failed to properly state these claims, I do not address this issue.

## I.      BACKGROUND

In October 2010, Tropicana hired William Oliver as Director of Facilities, and Oliver was given direct supervision over Fusco, Tropicana's Chief Engineer.[4]  Shortly after being hired, Oliver allegedly made several ageist comments to one of Fusco's co-workers, including that Oliver wanted the elderly workers "retired."[5]  Oliver also allegedly stated Fusco was "getting to old for this stuff."[6]  On January 5, 2011, Oliver confronted Fusco and requested he retire.[7]  Fusco refused.[8]  Oliver then informed Fusco he was terminated.[9]

On June 28, 2013, Fusco filed suit in Nevada state court. Tropicana subsequently removed the case to this court.  Tropicana now moves to dismiss because Fusco has failed to plead sufficient facts in support of his tort claims, and because injunctive relief is not a cause of action. Fusco, in turn, seeks leave to amend should his claims be dismissed.

## II.     DISCUSSION

### A.  Tropicana's Motion to Dismiss

#### i.   Legal Standard

A complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[10]  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[11]  "Factual allegations must be enough to rise above the speculative level."[12]  Thus, to

---

[4] [Dkt. #1 ¶23-24.]

[5] [Dkt. #1 ¶26-30.]

[6] *Id.*

[7] [Dkt. #1 ¶31.]

[8] [Dkt. #1 ¶32.]

[9] *Id.*

[10] Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007).

[11] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[12] *Twombly*, 550 U.S. at 555.

survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."[13]

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss.  First, the court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.[14]  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.[15]  Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief.[16]  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the Defendant is liable for the alleged misconduct.[17]  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief."[18]  When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed.[19]

### ii.   Analysis

#### 1.   *Fusco's Negligence Claims*

Tropicana seeks dismissal of Fusco's three negligence claims: (1) negligent hiring; (2) negligent training and supervision; and (3) negligent retention.[20]  Tropicana argues Fusco has failed to plead specific facts making any of these claims plausible.  I agree.

Fusco's negligent hiring claim requires him to prove Tropicana either knew or should have known that Oliver was unfit for his position.[21]   But Fusco alleges no facts showing

---

[13] *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

[14] *Id.* at 1950.

[15] *Id.* at 1949.

[16] *Id.* at 1950.

[17] *Id.* at 1949.

[18] *Id.* (internal quotation marks omitted).

[19] *Twombly*, 550 U.S. at 570.

[20] [Dkt. #6 at p. 9.]

1    Tropicana breached any duty in hiring Oliver.  Fusco merely recites the elements of a negligent

2    hiring claim, inserting Tropicana's name where appropriate.[22]

3         Fusco's two other negligence claims suffer from similar factual maladies.  Fusco needs to

4    support his negligent training and supervision claim by alleging facts showing Tropicana failed to

5    reasonably assure Oliver was fit for his position.[23]  Fusco failed to do so, stating only that

6    Tropicana failed to train.[24]  Finally, to properly allege Tropicana negligently retained Oliver,

7    Fusco needs to allege facts showing Tropicana knew or should have known of some reason to fire

8    Oliver.[25]  Fusco merely provides the conclusory allegation that Tropicana "knew or should have

9    known" its managers were violating the law.

10        Each of these negligence claims required Fusco to prove Tropicana breached a duty of

11   care.  But all of the specific facts alleged by Fusco relate to Oliver, not Tropicana.

12   "Demonstrating [] an employee acted in a discriminatory manner is not sufficient to show an

13   employer was negligent in hiring, supervising, or training."[26]  After sifting all conclusory legal

14   statements from the complaint, there are no factual allegations establishing Tropicana breached

15   any applicable duty.[27]  Accordingly, all of Fusco's negligence claims are dismissed.

16                      *2.  Fusco's Intentional Infliction of Emotional Distress Claim*

17        Tropicana also seeks dismissal of Fusco's IIED claim because Fusco has not alleged

18   sufficient facts to establish the requisite elements of either extreme and outrageous conduct or

19   severe emotional distress.[28]  I agree.

---

21   [21] *Hall v. SSP, Inc.,* 112 Nev. 1384, 1392 (1996).

22   [22] [Dkt. #1, ¶¶64-65.]

23   [23] *Hall* 112 Nev. at 1392.

24   [24] [Dkt. #1, ¶¶69-72.]

25   [25] *Hall* 112 Nev. at 1392.

26   [26] *Szyszka v. Cove Elec. of Nevada, Inc.*, 2014 WL 3748208 (D. Nev. July 30, 2014).

27   [27] Fusco seems to argue that conclusory allegations are sufficient under Rule 8.  For
     example, he argues his allegation Tropicana "knew or should have known" Oliver was harassing
     is sufficient to state a claim. [Dkt. #22 at 6-8.]  But threadbare legal conclusions are not sufficient
     to meet Rule 8's requirements. *See Twombly*, 550 U.S. at 570.

28   [28] *Jordan v. State*, 121 Nev. 44, 110 P.3d 30, 52 (Nev.2005).

4

Fusco's IIED claim suffers from several mortal wounds.  Fusco's alleged facts reveal, at best, that his supervisor discriminated against him by making ageist comments and terminating him because of his age.  Discrimination, alone, is not "extreme and outrageous conduct."[29]  Even if true, the mere allegations that Oliver made ageist comments to Fusco and terminated him[30] do not rise to the level of extreme and outrageous behavior.[31]  If that were true, every potential discrimination case would support an IIED claim.  Nor does Fusco provide specific factual allegations establishing he suffered "severe emotional distress."[32]  Even if he had stated an IIED claim against Oliver, Oliver is not a party to this action.  Fusco does not allege a single fact establishing either that Tropicana committed IIED, or that Tropicana can be liable for Oliver's alleged intentional tort.

Discrimination is properly addressed by anti-discrimination statues, "not independent tort claims reserved for the most egregious behavior."[33]  Accordingly, Fusco's IIED claim is dismissed.

### 3.  Fusco's Injunctive Relief Claim

Finally, Tropicana seeks dismissal of Fusco's injunctive relief claim because injunctive relief is a remedy, not a claim.  Fusco appears to agree.[34]  Fusco is free to seek injunctive relief for any appropriately-pleaded claims should he decide to amend its complaint, but injunctive relief cannot be pleaded as a cause of action.[35]  Thus, Fusco's injunctive relief claim is dismissed.

**B.  Fusco's Request for Leave to Amend**

    **i.   Legal Standard**

---

[29] *Brooks v. Hilton Casinos, Inc.,* 959 F.2d 757, 766 (9th Cir.1992).

[30] [Dkt. #1 ¶¶78-85.]

[31] *Brooks*, 959 F.2d at 766; *see also Colquhoun v. BHC Montevista Hosp., Inc.*, 2010 WL 2346607 (D. Nev. June 9, 2010).

[32] [Dkt. #1 ¶¶78-85.]

[33] *Brooks*, 959 F.2d at 766.

[34] [Dkt. #22 at 10.]

[35] *In re Wal–Mart Wage & Hour Employ. Practices Litig.*, 490 F.Supp.2d 1091, 1130 (D.Nev.2007).

Rule 15 requires district courts to "freely give leave [to amend] when justice so requires."[36]  The Ninth Circuit has long recognized that this policy is "to be applied with extreme liberality."[37]  In the seminal leave-to-amend case of *Forman v. Davis*, the United States Supreme Court explained that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [the Plaintiff] ought to be afforded an opportunity to test his claim on the merits."[38]  A district court abuses its discretion by dismissing a complaint without previously granting leave to amend or determining whether the allegations, if adequately pleaded, could survive a motion to dismiss.[39]

### ii.   Analysis

Tropicana argues leave to amend would be futile because the Nevada Industrial Insurance Act ("NIIA") preempts all potential tort claims, and because Fusco cannot plead facts sufficient to state his tort claims.  I disagree.

The "NIIA does not make an employer . . . absolutely immune from suit for any and all on-the-job injuries suffered by its employees."[40]  Whether Fusco's alleged tort claims will fall within the NIIA's scope depends on the specific facts Fusco alleges regarding both Tropicana's behavior and the nature of Fusco's injuries.[41]  If Fusco provides sufficient factual support for his tort claims, I will determine NIIA preemption at that time.  Tropicana may be right that Fusco

---

[36] Fed. R. Civ. Proc. 15(a)(2); *Sonoma County Association of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013).

[37] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted).

[38] 371 U.S. 178, 182 (1962).

[39] *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

[40] *Wood v. Safeway, Inc.,* 121 Nev. 724, 733, 121 P.3d 1026, 1032 (2005).

[41] While the Nevada Supreme Court has interpreted certain elements of NIIA preemption broadly, I am not certain Fusco's claims will be necessarily preempted.  *See Law Offices of Barry Levinson, P.C. v. Milko*, 124 Nev. 355, 364-65, 184 P.3d 378, 385 (2008) (looking to medical evidence establishing a sudden, tangible, and traumatic harm when determining whether an NIIA "injury" occurred, and looking to evidence an accident was "unforeseen" when determining whether an NIIA "accident" occurred).

1  will be unable to provide sufficient facts to state his claims.   But given Rule 15's liberal

2  standards, leave to amend is warranted.

3  **III.     CONCLUSION**

4          IT IS THEREFORE ORDERED that the Tropicana Las Vegas, Inc.'s Partial Motion to

5  Dismiss is GRANTED.

6          IT IS FURTHER ORDERED Francesco Fusco may amend his complaint within 30 days

7  of entry of this Order, if sufficient facts exist to support his proposed claims.

8          DATED THIS 26th day of September, 2014.

9

10                                                        _____

11                                                        ANDREW P. GORDON
                                                          UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28